■ ANTHONY POSPISHIL, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, defendant New York Telephone Company appeals from an order of the Supreme Court, Queens County, dated July 17, 1978, which (1) denied its motion for summary judgment and (2) granted plaintiff's cross motion to the extent of extending his time to serve a bill of particulars with respect to the second amended complaint. Order affirmed, with $50 costs and disbursements. Having failed to timely serve appellant with a bill of particulars with respect to the first amended complaint, plaintiff was in technical default under a prior conditional order of preclusion and under a stipulation which further extended the time for service of the bill. During the extension period granted by the order of preclusion, however, plaintiff obtained leave to serve a supplemental summons and a second amended complaint. After appellant moved for summary judgment dismissing the complaint based upon plaintiff's failure to comply with the conditional order of preclusion, plaintiff cross-moved "for an order pursuant to CPLR § 2004 extending plaintiff's time to serve a bill of particulars, or for an order pursuant to CPLR § 3042 vacating the conditional order of preclusion to the extent said order may be applicable". Since Special Term could have treated the cross motion as one pursuant to CPLR 2004 for an extension of time to serve a bill of particulars with respect to the first amended complaint (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3042:14, p 693), it was equally proper for the court to treat the cross motion (as it in fact did) as one for an extension of time to serve a bill of particulars, upon demand, with respect to the second amended complaint. Such treatment was the more reasonable approach, as the second amended complaint superseded all previous pleadings. Furthermore, in our opinion, the grant of an extension of time to serve such a bill, under the circumstances herein, constituted a sound exercise of discretion under CPLR 2004. For this reason, summary judgment dismissing the complaint on the ground of failure to timely serve the bill was properly denied. Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.